**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Fitzsimmons, | No. CV-06-3103-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, | |
| Defendant. | |

Defendant has filed a motion for summary judgment. Dkt. #38. A response and reply have been filed. Dkt. ##46, 49. The Court will deny the motion.[1]

**I.   Background.**

Plaintiff James Fitzsimmons began working as a police officer for Defendant City of Phoenix in 1985. Plaintiff was placed on paid administrative leave in 2004 and thereafter underwent a series of fitness-for-duty evaluations. Plaintiff remained on paid administrative leave for 17 months and ultimately retired in lieu of termination in January 2006.

Plaintiff filed a complaint against Defendant on December 26, 2006. Dkt. #1. The complaint asserts violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. *Id.* Plaintiff alleges that he had surgery to remove a brain tumor in 1994 and that his resulting medical condition constitutes a disability under the ADA.

---

[1] Plaintiff's request for oral argument is denied because the parties have thoroughly briefed the issues and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

*Id.* ¶¶ 9-10. Plaintiff further alleges that he has been able to perform the duties of a police officer despite his disability. *Id.* ¶ 11. Plaintiff claims that Defendant violated the ADA by forcing him to retire from his position as a police officer because of his disability and by failing to provide him the reasonable accommodation of working for Defendant in a different position. *Id.* ¶¶ 12-15. Plaintiff seeks injunctive relief and compensatory and punitive damages. *Id.* at 3-4.

**II.     Summary Judgment Standard.**

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Mustafa v. Clark County Sch. Dist.*, 157 F. 3d 1169, 1176 (9th Cir. 1998). Summary judgment is appropriate only where the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

**III.    Analysis.**

**A.     Disability Discrimination.**

The ADA prohibits discrimination against a "qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). Defendant contends that a jury could not reasonably conclude that Defendant terminated Plaintiff "because of a disability." Dkt. #38 at 12.[2]

---

[2] Defendant's motion notes that the ADA requires proof that (1) Plaintiff is disabled under the ADA; (2) he is a qualified individual, meaning he can perform the essential functions of his job with or without reasonable accommodation; and (3) he was terminated because of his disability. Dkt. # 38 at 11. Although Defendant's motion suggests in passing that Plaintiff cannot satisfy the second step (*id.*), it makes no argument and identifies no specific evidence on this issue, and instead focuses solely on the third step (*id.* at 11-12). This order, therefore, will not consider whether Plaintiff can prove that he is a qualified individual – that he could perform the essential functions of his job with or without a reasonable accommodation.

1 Defendant forced Plaintiff to retire based on medical opinions indicating that Plaintiff
2 was unable to perform the essential functions of his job as a police officer. *Id.* at 10.
3 Defendant notes that this Circuit held in *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054
4 (9th Cir. 2002), that "'courts only require that an employer honestly believed its reason for
5 its actions, even if its reason is foolish or trivial or even baseless[.]'" *Id.* at 12. Defendant
6 argues that it is entitled to summary judgment under *Villiarimo* because even if the opinions
7 of the doctors who evaluated Plaintiff were wrong, Plaintiff has presented no evidence of
8 pretext or otherwise shown that Defendant intentionally discriminated against Plaintiff
9 because of a disability. *Id.*; Dkt. #49 at 2-4.

10 *Villiarimo* was a Title VII sex discrimination case in which the employer asserted a
11 non-discriminatory reason for terminating the plaintiff. 281 F.3d at 1062-63. The Court of
12 Appeals applied the burden-shifting analysis developed in *McDonnell Douglas Corp. v.*
13 *Green*, 411 U.S. 792 (1973), for suits brought under Title VII. *Id.* at 1062. The *McDonnell*
14 *Douglas* legal framework applies to ADA cases, however, only "if the employer disclaims
15 any reliance on the employee's disability in having taken the employment action[.]"
16 *Mustafa*, 157 F.3d at 1175-76 (citing *Teahan v. Metro-North Commuter R.R. Co.*, 951 F.2d
17 511, 514-16 (2d Cir. 1991)); *see Smith v. Barton*, 914 F.2d 1330, 1340 (9th Cir. 1990) (the
18 *McDonnell Douglas* analysis applies in ADA cases only "where the defendant disavows any
19 consideration of the plaintiff's handicap and the plaintiff alleges invidious discriminatory
20 intent") (citing *Doe v. N.Y. Univ.*, 666 F.2d 761, 766 (2d Cir. 1981)); *Snead v. Metro. Prop.*
21 *& Cas. Co.*, 237 F.3d 1080, 1093 n.10 (9th Cir. 2001) (citing *Mustafa*); *Shields v. BCI Coca-*
22 *Cola Bottling Co. of L.A.*, No. Co4-928JLR, 2005 WL 2045887, at *7 (W.D. Wash. Aug. 25,
23 2005) (citing *Mustafa* and *Snead*).

24 Although Defendant asserts that its decision to force Plaintiff to retire was not based
25 on any alleged disability, but instead was based on the medical evidence indicating that
26 Plaintiff was not able to perform his job, Plaintiff has presented evidence that the problems
27 he experienced at work were caused by his disability. While discussing his performance
28 problems with Lieutenant Silbert, Plaintiff discussed his brain surgery and the fact that "he

1   had no adrenal or pituitary gland." Dkt. #39-2 at 27. Plaintiff told Lieutenant Pina and
2   Commander Swanson that his medical condition "may be affecting his performance." *Id.* at
3   33. Lieutenant Benson informed Plaintiff that several coworkers were concerned that "he
4   had health issues that could be affecting his performance." *Id.* Defendant required Plaintiff
5   to undergo psychological evaluations based on these very concerns. Dkt. #38 at 12; *see* Dkt.
6   #45-4 at 10, 17. Defendant's decision to force Plaintiff to retire was based on the medical
7   opinions that Plaintiff's neurological condition precluded him from performing the duties of
8   a police officer. Dkt. ##46 at 3, 49 at 3. Viewed in the light most favorable to Plaintiff, this
9   evidence shows that Defendant cannot disclaim any reliance on Plaintiff's disability – the
10  decision was based on conditions caused by the disability. The burden shifting approach of
11  *McDonnell Douglas* therefore does not apply in this case and Defendant cannot obtain
12  summary judgment on the basis of *Villiarimo*.

13         Nor can Defendant obtain summary judgment on the ground that it did not force
14  Plaintiff to retire "because of the disability." 42 U.S.C. § 12112(a). An employer relies on
15  a disability when it justifies termination based on conduct caused by the disability. *See*
16  *Teahan*, 951 F.2d at 516. Indeed, for purposes of the ADA, "conduct resulting from a
17  disability is considered to be part of the disability, rather than a separate basis for
18  termination." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139-40 (9th Cir. 2001).
19  In this case, the evidence, viewed in the light most favorable to Plaintiff, suggests that
20  Plaintiff's poor work performance was due to the neurological conditions caused by his
21  disability. *See Humphrey*, 239 F.3d at 1140 ("[A] jury could reasonably find the requisite
22  causal link between a disability . . . and Humphrey's absenteeism and conclude that MHA
23  fired Humphrey because of her disability.").

24         The "because of the disability" inquiry "is designed to weed out [ADA] claims where
25  an employer can point to conduct or circumstances that are causally unrelated to the
26  plaintiff's [disability]." *Teahan*, 951 F.2d at 516 (citing *Smith*, 914 F.2d at 1340). Defendant
27  has identified no such conduct or circumstances in this case. The Court will deny the motion
28  for summary judgment to the extent Defendant contends that it did not force Plaintiff to retire

because of a disability.[3]

**B.     Reasonable Accommodation.**

The ADA not only prohibits employers from taking adverse actions against employees because of their disabilities, but also requires employers to reasonably accommodate disabled employees. 42 U.S.C. § 12112(b)(5)(A). An employer violates the ADA by not making reasonable accommodation for a qualified employee with a disability "'unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting 42 U.S.C. § 12112(b)(5)(A)) (brackets omitted).

Plaintiff claims that Defendant failed to reasonably accommodate him by refusing to consider his request to be transferred to another position within the City. Dkt. ##1 ¶¶ 14-15, 46 at 9-10. Defendant does not dispute that Plaintiff requested a transfer (*see* Dkt. ##45-2 at 14-16, 45-4 at 18-19), that "reassignment to a vacant position" is a reasonable accommodation under the ADA (*see* 42 U.S.C. § 12111(a)(9)(B)), or that Defendant failed to reasonably accommodate Plaintiff's disability by looking for other positions within the City of Phoenix (*see* Dkt. #38 at 2, 4). Rather, Defendant contends that Plaintiff has not shown that he was qualified for another position within the City or that other City jobs were available. Dkt. #49 at 4-5.

This is not a sufficient basis for summary judgment. "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey*, 239 F.3d at 1137 (citing *Barnett v. U.S. Air., Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000), *vacated on other grounds by U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)); *see Zivkovic*, 302 F.3d at 1089 (same); *see also* 29 C.F.R. § 1630.2 (o)(3). "The interactive process requires that employers analyze job

---

[3]Defendant's reliance on *Timmons v. GM Corp.*, 469 F.3d 1122 (7th Cir. 2006), is misplaced. The adverse action taken by the employer in *Timmons* was based in part on performance problems unrelated to the plaintiff's disability. 469 F.3d at 1124, 1128.

1 functions to establish the essential and nonessential job tasks." *Barnett*, 228 F.3d at 1115.
2 "Employers should 'meet with the employee who requests an accommodation, request
3 information about the condition and what limitations the employee has, ask the employee
4 what he or she specifically wants, show some sign of having considered [the] employee's
5 request, and offer and discuss available alternatives when the request is too burdensome."
6 *Id.* (citation omitted). "Employers, who fail to engage in the interactive process in good
7 faith, face liability for the remedies imposed by the statute if a reasonable accommodation
8 would have been possible." *Humphrey*, 239 F.3d at 1137-38 (citing *Barnett*, 228 F.3d at
9 1116).

10 Defendant's Police Administrator, Patti Moore, testified that the police department
11 made no attempt to reasonably accommodate Plaintiff despite his request to be transferred
12 to another position. Dkt. #45-4 at 17. Moore stated that Plaintiff was not considered for
13 another position because several doctors had opined that Plaintiff was not capable of
14 performing even light duty work. *Id.* at 18-21. But Moore admitted that she did not ask the
15 doctors whether Plaintiff "could work anywhere else in the City." *Id.* at 18-20. Moore stated
16 that it was not her "job to find [Plaintiff] a job elsewhere." *Id.* at 18. While Moore
17 acknowledged that she was one of the individuals responsible for ensuring that Defendant
18 complied with the ADA, she demonstrated a lack of knowledge about Defendant's duty
19 under the ADA to engage in an interactive process with Plaintiff to find an appropriate
20 reasonable accommodation. *Id.* at 15-19. This evidence, construed in Plaintiff's favor,
21 supports a finding that Defendant did not consider Plaintiff's transfer request or "explore in
22 good faith the possible accommodations." *Zivkovic*, 302 F.3d at 1089.

23 Defendant contends that to prevail on his reasonable accommodation claim, Plaintiff
24 "must point to evidence that vacant positions within the City existed and that he was
25 qualified to fill those positions." Dkt. #49 at 5. But as Plaintiff's employer, Defendant has
26 "superior knowledge regarding the range of possible positions and can more easily perform
27 analyses regarding the 'essential functions' of each [position]." *Barnett*, 228 F.3d at 1113.
28 To put the entire burden for finding an alternative position on Plaintiff, or to exempt

1    Defendant from the process of identifying other possible positions, "conflicts with the goals
2    of the ADA." *Id.* at 1113.

3            To survive summary judgment on a reasonable accommodation claim, the plaintiff
4    "must only provide evidence sufficient to make 'at least a facial showing that reasonable
5    accommodation is possible.'" *Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir.
6    1993) (citation omitted). Plaintiff has made such a showing. Assistant Chief Michael Frazier
7    testified that the City has "placed many employees over the years outside the police
8    department in other City departments" by engaging in an interactive process with the
9    disabled employees. Dkt. #45-4 at 27-28. Both Frazier and Moore testified that Plaintiff was
10   not necessarily disqualified to work in other departments within the City. *Id.* at 20, 24-28.
11   A jury reasonably could conclude from this evidence that Defendant's "failure to engage in
12   the interactive process foreclosed [a] potentially reasonable accommodation." *Barnett*, 228
13   F.3d at 1117.

14           Defendant further contends that Plaintiff's paid administrative leave constitutes a
15   reasonable accommodation. Dkt. ##38 at 13, 49 at 5. But Plaintiff remained on leave only
16   until he qualified for retirement benefits (*see* Dkt. #39 ¶ 79), not until he was able to return
17   to work and perform the essential functions of his job. *See Humphrey*, 239 F.3d at 1135-36.
18   Moreover, "the duty to accommodate is a continuing duty that is not exhausted by one
19   effort." *Id.* (citation and quotation marks omitted). Defendant does not dispute that rather
20   than considering Plaintiff's request to work in another position, it forced Plaintiff to retire
21   in lieu of termination. Dkt. #45-4 at 15; *see* Dkt. #45-2 at 17.

22           An employer "may not merely speculate that a suggested accommodation is not
23   feasible." *Buckingham*, 998 F.2d at 740. The ADA requires employers to engage in an
24   interactive process with disabled employees because the "process is the key mechanism for
25   facilitating the integration of disabled employees into the work place. Employers who reject
26   this core process must face liability when a reasonable accommodation would have been
27   possible." *Barnett*, 228 F.3d at 1116.

28           Plaintiff has presented evidence showing that Defendant breached its "duty to 'gather

sufficient information from [Plaintiff] and qualified experts as needed to determine'" whether Plaintiff could perform other available jobs within the City. *Buckingham*, 998 F.2d at 740 (citation omitted). Triable issues therefore exist as to whether Defendant reasonably accommodated Plaintiff, and the Court must deny summary judgment. *See Barnett*, 228 F.3d at 1116 ("[A]n employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process."); *Fuller v. Frank*, 916 F.2d 558, 562 n.6 (9th Cir. 1990) ("Whether the [employer] has provided 'reasonable accommodation' is ordinarily a question of fact."); *Lujan v. Pac. Maritime Ass'n*, 165 F.3d 738, 743 (9th Cir. 1999) (same).

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #38) is **denied**.

2. The Court will set a final pretrial conference by separate order.

DATED this 28th day of May, 2008.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge